UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHNISHA DENISE KENNEDY,

    Plaintiff,

v.                                                   Case No.  3:14-cv-587-J-MCR

CAROLYN W. COLVIN, Commissioner of
the Social Security Administration,

    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her applications for a Period of Disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). Plaintiff alleges she became disabled on November 27, 2009. (Tr. 164, 168.) A hearing was held before the assigned Administrative Law Judge ("ALJ") on July 17, 2012, at which Plaintiff was represented by an attorney. (Tr. 38-81.) The ALJ found Plaintiff not disabled from November 27, 2009 through October 12, 2012, the date of the decision. (Tr. 12-30.)

In reaching the decision, the ALJ found that Plaintiff had the following severe impairments: "ADHD, headaches, anxiety, and obesity." (Tr. 14.) The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 16.)

perform a modified range of light work and limited Plaintiff to jobs with 1-2 step tasks only with no assembly line or production-paced quotas. (Tr. 17.)

Plaintiff is appealing the Commissioner's decision that she was not disabled from November 27, 2009 through October 12, 2012. Plaintiff has exhausted her available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the briefs, and the applicable law. For the reasons stated herein, the Commissioner's decision is **REVERSED and REMANDED.**

## I. Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th

Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II.   Discussion

Plaintiff raises two issues on appeal. First, Plaintiff argues that the ALJ erred in failing to articulate good cause for not crediting the treating opinions of Dr. Soto-Acosta and Dr. Robinson and in failing to adequately explain why she was not crediting the consultative opinions of Dr. Risch and Dr. Staskavich. Second, Plaintiff argues that the ALJ's analysis of Dr. Keiter's examining opinions and Dr. Green's non-examining opinions is inconsistent with the ALJ's RFC assessment. Defendant responds the ALJ's evaluation of the medical opinions of record is supported by good cause and substantial evidence.

### A.   Standard for Evaluating Opinion Evidence

The ALJ is required to consider all the evidence in the record when making a disability determination. See 20 C.F.R. §§ 404.1520(a)(3), 416.920(a)(3). With regard to medical opinion evidence, "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Substantial weight must be given to a treating physician's opinion unless there is good cause to do

otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

"'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on: (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the medical evidence supporting the opinion, (4) consistency of the medical opinion with the record as a whole, (5) specialization in the medical issues at issue, and (6) any other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6).

Although a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion, see *Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984) (per curiam); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2), "[t]he opinions of state agency physicians" can outweigh the contrary opinion of a treating physician if "that opinion has been properly discounted," *Cooper v. Astrue*, 2008 WL 649244, *3 (M.D. Fla. Mar. 10, 2008). Further, "the ALJ may reject any medical opinion if the evidence supports a contrary finding." *Wainwright v. Comm'r of Soc. Sec. Admin.*, 2007 WL 708971, *2 (11th Cir. Mar.

9, 2007) (per curium).  *See also Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam) (same).

"The ALJ is required to consider the opinions of non-examining state agency medical and psychological consultants because they 'are highly qualified physicians and psychologists, who are also experts in Social Security disability evaluation.'"  *Milner v. Barnhart*, 275 F. App'x 947, 948 (11th Cir. May 2, 2008) (per curiam).  *See also* SSR 96-6p (stating that the ALJ must treat the findings of State agency medical consultants as expert opinion evidence of non-examining sources).  While the ALJ is not bound by the findings of non-examining physicians, the ALJ may not ignore these opinions and must explain the weight given to them in his decision.  SSR 96-6p.

## B. The ALJ's Decision

The ALJ found that Plaintiff had the RFC to lift and carry 10 pounds frequently and 20 pounds occasionally; sit, stand, and walk for eight hours in an eight-hour workday; occasionally bend, balance, stoop, squat, crouch, crawl, and kneel; that Plaintiff should not climb ropes, ladders, or scaffolds; she should avoid heights and dangerous machinery; and mentally, she was limited to jobs with 1-2 step tasks only with no assembly line or production-paced quotas.  (Tr. 17.)

In making this finding, the ALJ gave "great weight" to Dr. Keiter's examining opinions that Plaintiff could "follow and understand simple instructions and directions; perform simple and some more complex tasks independently; maintain

attention, concentration, and a regular schedule; learn new tasks; and make appropriate decisions; and might have difficulties at times relating to others and appropriately dealing with stress." (Tr. 28.) The ALJ also gave "great weight" to Dr. Green's non-examining opinions that Plaintiff had "no more than moderate limitations in all areas of functioning." (*Id.*) The ALJ stated:

> These opinions are consistent with the evidence of record as a whole, which shows that the claimant has had some brief periods of symptoms exacerbation, but generally has no more than moderate limitations in concentration, persistence, and pace and no more than mild limitations in daily activities and social functioning. . . . I find that the claimant's limitations from ADHD and anxiety are adequately accounted for in the above residual functional capacity determination by limiting her to jobs that require 1-2 step tasks only with no assembly-line, production-paced quotas.

(*Id.*)

With respect to the other opinion evidence of record, the ALJ stated:

> I give little weight to Dr. Soto-Acosta's opinion that the claimant has moderate to marked limitations in all areas of functioning except she was not significantly limited in her ability to be aware of normal hazards and take appropriate precautions (Exhibit 17F). This opinion, which was completed in order to assist the claimant, is not consistent with Dr. Soto-Acosta's own treatment records and those of his colleagues at Mental Health Center of Jacksonville. . . . I also give little weight to Dr. Robinson's opinion because the severity of these limitations is not supported by her own treatment notes or other evidence of record as discussed above (Exhibit 29F). I also give little weight to the one-time examining opinion of Dr. Risch, who evaluated the claimant at the request of her attorney (Exhibit 24F). The severity of these limitations is not supported by the evidence of record as a whole and is inconsistent with Dr. Risch's GAF score of 60, which is indicative of only moderate symptoms. . . . In addition, Dr. Risch's examination findings show that the claimant has adequate sustained mental control and no problems with her long-

term or short-term memory (Exhibit 22F).  For the same reasons, I give little weight to Dr. Staskavich's checklist opinion (Exhibit 4F).  She did not attach treatment records to support her findings, and her findings are inconsistent with the record as a whole, which shows that the claimant has no more than moderate limitations in functioning.

(Tr. 27-28.)

### C.    Analysis

Plaintiff argues, *inter alia*, that although the ALJ indicated she was giving "great weight" to Dr. Keiter's examining opinions and Dr. Green's non-examining opinions, the ALJ did not adopt either opinion and failed to explain why she was not adopting these opinions in assessing the RFC.  Specifically, Plaintiff contends that the ALJ did not adopt Dr. Keiter's opinion that Plaintiff may have difficulties at times relating to others and appropriately dealing with stress (Tr. 415), and Dr. Green's opinion that Plaintiff may have difficulty maintaining attention and concentration for extended periods and reported some social isolation and irritability at times (Tr. 449).

The Court agrees with Plaintiff that by limiting her mentally to jobs with 1-2 step tasks with no assembly line or production-paced quotas, the ALJ did not account for the limitations assessed by Dr. Keiter[2] and Dr. Green,[3] and did not

---

[2] Allison Keiter, Psy.D. performed a psychological evaluation on March 18, 2011. (Tr. 412-16.)  Her medical source statement provides: "Vocationally, the claimant is able to follow and understand simple instructions and directions.  She is able to perform simple and some more complex tasks independently.  She is able to maintain attention, concentration, and a regular schedule.  She is able to learn new tasks.  She is able to make appropriate decisions, but may have difficulties at times relating to others and

7

explain her reasons for doing so.  Although the ALJ indicated she was giving "great weight" to Dr. Keiter's opinion that Plaintiff may have difficulties at times relating to others and appropriately dealing with stress, the ALJ's RFC did not account for any social functioning limitations or any problems with stress.  Similarly, although the ALJ gave Dr. Green's opinions "great weight," she did not appear to account for Plaintiff's moderate limitations in maintaining attention and concentration for extended periods.  (Tr. 447, 449.)

The ALJ stated that "[t]hese opinions are consistent with the evidence of record as a whole, which shows that the claimant has had some brief periods of symptoms exacerbation, but generally has no more than moderate limitations in concentration, persistence, and pace and no more than mild limitations in daily activities and social functioning."  (Tr. 28.)  However, the ALJ did not explain what evidence of record she was referring to.  This is significant given that the ALJ decided to give little weight to the opinions of two treating physicians (Dr. Raul Soto-Acosta and Dr. Mary Robinson) and two examining physicians (Dr. Sherry

---

appropriately dealing with stress.  Observations made at the time of the evaluation concur with the claimant's reports."  (Tr. 415.)

[3] Pamela D. Green, Ph.D. completed a Mental RFC Assessment and Psychiatric Review Technique on June 8, 2011.  (Tr. 447-64.)  She opined, *inter alia*, that Plaintiff would be able to understand and remember simple/complex instructions; would be able to complete simple/complex tasks/work procedures and to make work decisions, but may have difficulty with maintaining attention and concentration for extended periods; would be able to cooperate and be socially appropriate, "[r]eports some social isolation and irritability at times"; would be able to react and adapt appropriately to the work environment; and would be mentally capable of independently performing basic, routine tasks on a sustained basis.  (Tr. 449.)

Risch and Dr. Catherine Staskavich), all of whom opined that Plaintiff's mental limitations were more severe than determined by the ALJ. (*See* Tr. 352-53, 488-89, 606-07, 666-67.)

Therefore, this case will be reversed and remanded with instructions to the ALJ to reconsider the opinions of Dr. Keiter and Dr. Green, explain what weight they are being accorded, and the reasons therefor. If the ALJ rejects any portion of these opinions, she must explain her reasons for doing so. In light of this conclusion and the possible change in the RFC assessment, the Court finds it unnecessary to address Plaintiff's first argument regarding the ALJ's evaluation of the opinions of Drs. Soto-Acosta, Robinson, Risch, and Staskavich. *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam); *Freese v. Astrue*, 2008 WL 1777722, at *3 (M.D. Fla. Apr. 18, 2008); *see also Demenech v. Sec'y of the Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam). However, on remand, the ALJ will be directed to re-consider these doctors' opinions as well, explain what weight they are being accorded, and why. In the event the ALJ decides to reject any portion of the treating physicians' opinions, the ALJ must provide good cause therefor.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** with instructions to the ALJ to: (a) reconsider the opinions of Dr. Keiter, Dr. Green, Dr. Soto-Acosta, Dr. Robinson,

Dr. Risch, and Dr. Staskavich, explain what weight they are being accorded, and the reasons therefor; (b) reconsider the RFC assessment, if necessary, and (c) conduct any further proceedings deemed appropriate.

2. The Clerk of Court is directed to enter judgment consistent with this Order and close the file.

3. Should this remand result in the award of benefits, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff's attorney is **GRANTED** an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b). Plaintiff's attorney shall file such a petition within **thirty (30) days** from the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees. *See* In re: *Procedures for Apply for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1381(d)(2)*, Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** at Jacksonville, Florida, on May 8, 2015.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record